## STATE v. EDMUNDS

. (Opinion filed, Aug. 8, 1906.)

On rehearing.   Affirmed.

For former opinion, see 20 S. D. 135, 104 N. W. 1115.

*J. L. Jolley, French* & *Orvis (Thomas Sterling, of counsel),* for plaintiff in error.   *Philo Hall, Atty. Gen., Aubrey Lawrence, Asst. Atty. Gen.,* and *E. B. Healy (H. C. Tilton and C. E. Ericson, of counsel),* for the State.

HANEY, J.   Adhering to the views heretofore announced in 20 S. D. 135, 104 N. W. 1115, the order refusing a new trial and the order denying defendant's motion in arrest of judgment, in this action, are affirmed.

FULLER, P. J. (dissenting).   It is an elementary principle of criminal pleading that every fact essential to a full description of the identical crime charged must be set forth in the indictment. In this state the phraseology of the statute or words conveying the same meaning must be so used that the acts constituting the offense are stated in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended.   Rev. Code Cr. Proc. §§ 219, 221, 228.   The unlawful killing of one human being by another under such circumstances as the indictment before us discloses, is murder when effected with a premeditated design and, in the language of the statute, "when perpetrated without a design to effect death and in a heat of passion * * * by means of a dangerous weapon," it is manslaughter in the first degree, and all other criminal homicide not defined in the statute as murder or manslaughter in the first degree

is manslaughter in the second degree. Rev. Pen. Code, §§ 246, 254, 258; State v. Hubbard, 20 S. D. 148, 104 N. W. 1120.

The adverbial phrases, "without a design to effect death," "in a heat of passion," and "by means of a dangerous weapon," or words conveying the same meaning, are the differential characteristics of the form of manslaughter in the first degree that the pleader in this case attempted to charge and his indictment contains neither of such vitally essential expressions nor words of equivalent significance. Although the indictment charges neither murder nor manslaughter in the first degree, but does charge the killing of one human being by the act of another without authority of law, it follows as a matter of plain statutory construction that the crime of which the defendant was accused is manslaughter in the second degree, while the conviction was for manslaughter in the first degree. Having thus been found guilty of an offense more atrocious than that with which he was charged, the motion in arrest of judgment and for a new trial, made in behalf of the accused, ought to have been granted.